UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES KU, | Case No. 2:18-CV-1714 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| TRANS UNION, LLC, et al., | |
| Defendant(s). | |

Presently before the court is defendant Trans Union LLC's ("Trans Union") motion for summary judgment. (ECF No. 68). Plaintiff James Ku ("Ku") filed a response (ECF No. 81), to which Trans Union replied (ECF No. 84).

Also before the court is defendant Equifax Information Services, LLC's ("Equifax") motion for summary judgment. (ECF No. 67). Ku filed a response (ECF No. 80), to which Equifax replied (ECF No. 83).

**I.   Background**

The instant action arises from alleged inaccuracies in Ku's credit report after he received a discharge in chapter 7 bankruptcy. (ECF No. 1).

Ku filed for chapter 7 bankruptcy in May 2016, and was discharged in August 2016. *Id.* at 4. Ku alleges that Equifax inaccurately reported three trade lines after his chapter 7 discharge. *Id.* Equifax reported the accounts as "included in bankruptcy," noted "chapter 7 bankruptcy," indicated that the accounts were "closed." (ECF No. 67 at 2–3).[1]  Equifax listed the accounts

---

[1] The pagination of Equifax's motion for summary judgment (ECF No. 67) and reply (ECF No. 83) do not match the pagination assigned by CM/ECF online docketing system. To be clear, the court refers to the online docketing system's pagination.

**James C. Mahan**
**U.S. District Judge**

with a $0 balance, $0 amount past due, $0 actual payment account, and $0 scheduled payment. *Id.* at 3. Further, the public records section of Ku's credit file indicated that his chapter 7 bankruptcy was discharged. *Id.*

Ku disputed the report. (ECF No. 1). Equifax reinvestigated the accounts and sent its results to Ku. (ECF No. 67 at 8). Ku then filed the instant action, alleging Equifax negligently and willfully violated §§ 1681e(b) and 1681i(a) of the Fair Credit Reporting Act ("FCRA").

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the nonmoving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to withstand summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If

James C. Mahan
U.S. District Judge

- 2 -

the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a dispute of material fact conclusively in its favor. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.*

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

The Ninth Circuit has held that information contained in an inadmissible form may still be considered for summary judgment if the information itself would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.")).

. . .

. . .

## III. Discussion

As an initial matter, the parties stipulated to dismiss Trans Union with prejudice, which the court granted. (ECF Nos. 86; 87). Thus, the court denies Trans Union's motion for summary judgment as moot. (ECF No. 68).

Ku alleges violations of §§ 1681e(b) and 1681i(a). To succeed on either claim, Ku must show that Equifax included inaccurate information in his consumer report. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) ("Although the FCRA's reinvestigation provision, 15 U.S.C. § 1681i, does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement."); *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) ("In order to make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information.").

Unsurprisingly, information in a consumer report is inaccurate if it is patently incorrect. *Carvalho*, 629 F.3d at 890. Even if information is "technically accurate," however, it may be inaccurate for the purpose of an FCRA claim "if the statement is presented in such a way that it creates a misleading impression." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009) (citation omitted). Thus, an FCRA claim can be maintained where information, although accurate, is "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Carvalho*, 629 F.3d at 890 (quoting *Gorman*, 584 F.3d at 1163).

Here, both of Ku's FCRA claims fail because he cannot show an inaccuracy in Equifax's consumer report. Equifax listed three of Ku's accounts as "included in bankruptcy," noted "chapter 7 bankruptcy," indicated that the accounts were "closed." (ECF No. 67 at 2–3). Equifax listed the accounts with a $0 balance, $0 amount past due, $0 actual payment account, and $0 scheduled payment. *Id.* at 3. Further, the public records section of Ku's credit file indicated that his chapter 7 bankruptcy was discharged. *Id.*

Ku does not dispute the actual accuracy of the information in his credit report. (*See* ECF No. 80). Instead, Ku argues that "Equifax's reporting of the furnishers' trade lines, though

James C. Mahan
U.S. District Judge

- 4 -

technically accurate, is misleading because it contains a material omission." *Id.* at 5. In particular, Ku contends—without citation to authority—that "included in bankruptcy" is misleading because it is not the same as "discharged in bankruptcy." *Id.*

However, as Equifax points out, the three accounts all indicate that they were "included in bankruptcy" and specifically reference "chapter 7 bankruptcy." (ECF No. 83 at 5). As a result, anyone referring to Ku's credit report can see that the accounts were included in his chapter 7 bankruptcy and can also see that his chapter 7 bankruptcy resulted in a discharge. Thus, the information in Ku's credit report is neither inaccurate nor misleading.

Because Ku has not shown an inaccuracy in his credit report, his FCRA claims necessarily fail. The court grants Equifax's motion for summary judgment.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Trans Union's motion for summary judgment (ECF No. 68) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that Equifax's motion for summary judgment (ECF No. 67) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Ku's claims against Equifax be, and the same hereby are, DISMISSED.

IT IS SO ORDERED.

DATED February 14, 2020.

_____
UNITED STATES DISTRICT JUDGE